# Supreme Court Current Opinions

For dates of rendering these opinions, see headlines over cases.

## No. 159
### STATE v. LOWENSTEIN
Ohio Supreme Court
No. 18128. Decided Feb. 19, 1924

147. BILLS AND CHECKS—Issuance of check without sufficient funds held prima facie evidence of issuing check with intent to defraud.

ALLEN, J.

#### Epitomized Opinion
First Publication of this Opinion

Lowenstein was indicted by the grand jury of Hamilton county, charged with issuing a check against insufficient funds. To the indictment defendent entered a plea of not guilty. Immediately after the opening statement of the prosecution, that the check had been issued by Lowenstein in payment of the salary and commission of a Mrs. McCarthy, an employe and solicitor of defendant, the court directed a verdict for defendant. The Court of Appeals affirmed this judgment, whereupon the State prosecuted error to the Supreme Court. In reversing the lower courts, this court held:

1. Under Section 710-176 GC., the making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee, is prima facie evidence of the intent to defraud, and the mere fact that the check was given for a past consideration does not justify the court in taking the case from the jury upon the admission of the fact in the opening statement by counsel for the State.

Attorneys—C. S. Bell, for State; John W. Cowell, for Lowenstein, both of Cincinnati.

## No. 160
### McGEE v. SIGMUND
Ohio Supreme Court
No. 17931. Decided Feb. 19, 1924

615. HUSBAND AND WIFE—7999 GC. confers on husband and wife no greater power to contract than other persons have.

297. CONTRACT—There is no power to contract concerning a hope or expectancy of inheritance which is neither vested nor contingent.

ROBINSON, J.

#### Epitomized Opinion
First Publication of this Opinion

Original action for specific performance and equitable relief in the Common Pleas of Highland county, wherein Grace McGee was plaintiff and Anthony Sigmund was defendant. The petition alleged that Anthony and Elizabeth, husband and wife, entered into a written agreement which provided for an immediate separation and a mutual release of all rights of support, dower, inheritance, distribution, allowance and of all other rights or claims whatsoever, whether now owned or hereafter to be acquired. Thereafter Elizabeth died, intestate, without children, and owning real estate. Plaintiff was the sole heir and next of kin of Elizabeth and, except for any right of Anthony, would inherit all of the estate of Elizabeth. Defendant demurred to the petition. The demurrer was sustained by the trial court and that decision was affirmed by the Court of Appeals. Plaintiff prosecuted error. Held:

The terms of the contract are sufficiently comprehensive to exclude the husband from inheriting the real estate if at the time of the execution of the contract he had any right thereto in being whch could be the subject matter of a release. 7999 GC. does not purport to give to husband or wife any greater power to contract with each other than persons other than husband and wife possess.

By 8574 GC. the husband of a deceased wife, in the absence of children of the deceased wife, is the heir to the non-ancestral real estate of the deceased wife to the exclusion of the legal representatives of the brothers and sisters. By Needles v. Needles, 7 OS. 432, a mere expectation or chance of succession cannot be released for the reason that a release must be founded on a right in being either vested or contingent. Elizabeth's estate must pass by either devise or descent and the operation of the statute in this case cannot be defeated by this executory contract.

Attorneys—Hugh L. Nichols, H. L. Wiggins, Messrs. Wilson & Morrow, for McGee; Newby & Smith, for Sigmund.